IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:24-cr-00002 |
| | ) | |
| | ) | CHIEF JUDGE CAMPBELL |
| PAUL FAYE, SR. | ) | |

**<u>SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES</u>**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and submits this sentencing memorandum in this matter on behalf of the United States.

On August 14, 2024, the Defendant pled guilty to the indictment whereby we agreed that the Total Offense Level is 24. (Revised PSR ("PSR") at ¶ 9.) The United States reviewed the PSR and notified the Court that it has no objections in its Position with Respect to Sentencing Factors. (DE # 41.) The United States avers that the Defendant's Total Offense Level is 21, which would result in a guideline sentencing range of 37 to 46 months. The United States recommends that the Defendant be sentenced to 42 months imprisonment based on the unique circumstances of this case and as the probation office notes, that it has "not identified any factors that would warrant a departure from the applicable sentencing guideline range." (Revised PSR at ¶ 90.)

Notably, this is the exceedingly rare case where law enforcement intercepted an individual who joined two separate conspiracies to commit violence at the border targeting law enforcement. The defendant was planning on traveling to the border with Bryan Perry and Jonathan O'Dell, but those two individuals were interdicted before they returned to Tennessee. Notably, Perry and O'Dell were both found guilty of numerous violent offenses related to discharging firearms towards law enforcement officers trying to execute a search warrant. Since the defendant barely missed getting charged with Perry and O'Dell, the investigation continued which led to the charges

here. Accordingly, the United States requests that the Court sentence the defendant to 42 months imprisonment, preferably at a location where he can undergo significant inpatient mental health treatment.

**APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)**

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). The factors that the court is to consider are outlined below with a brief discussion of their applicability or inapplicability following that follows:

   I.   **"the nature and circumstances of the offense and the history and characteristics of the defendant"**

The offense conduct in this case is that the defendant, set on committing acts of violence at the border, was disrupted by federal law enforcement through firearms offenses. (PSR at ¶ 10–19.) Faye also coordinated militia groups from Kentucky, Georgia, North Carolina, and Tennessee to discuss plans to travel to the United States/Mexico border. (PSR at ¶ 13.) Furthermore, Faye discussed how he planned to transport explosive devices to the border without law enforcement detection and serve as a sniper when they arrived at the border. (PSR at ¶ 13–14.) Eventually, law enforcement obtained or seized numerous firearms and suppressors that were unlawful for the defendant to possess.

The Defendant has no prior criminal history but has a history of mental health issues and. The history and characteristics of the Defendant demonstrate that he repeatedly expressed a desire to commit violence against others and was fixated on doing so over the past two years. Despite a significant history of mental health treatment, none of that seemed to dissuade the defendant from preparing to engage in acts of violence with other like-minded individuals. There is nothing in the

Revised PSR to indicate that the defendant has received the necessary treatment to ensure that he has moved beyond these desires to commit violence. Accordingly, a within guidelines sentence is appropriate for this Defendant.

## II. Considerations regarding the sentence imposed:

Section Two of 18 U.S.C. § 3553(a) deals with the requirements of any sentence to be imposed and, in turn, lists a variety of sub-factors for a court to consider in fashioning a sentence. Those include the following:

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2).

The United States submits that the punishment ordered should take into account the need for a sentence to deter future criminal conduct, of the defendant and others, and to protect the public from further crimes of the Defendant. There is a strong need here to both deter the defendant and others from committing the charged offense and planning acts of violence. Accordingly, a significant sentence of 42 months, which is within the defendant's guidelines range, is necessary to promote his respect for the law and to deter future criminal conduct.

## III. Issues with the Sentence; Policy Considerations; Restitution

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparity and restitution.

The United States respectfully submits that most of these factors are not applicable to this Defendant in this case. The United States submits that the Guideline range contained in the PSR is at or below the statutory maximum for this offense (10 years) and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The United States respectfully submits that a sentence of 42 months would not be a disparate sentence when one considers sentences within this district and the unique nature of this offense. The United States submits that there is no restitution in this case.

## CONCLUSION

Stated simply, this is not simply a firearms case. The defendant engaged, on two separate occasions, with individuals who wanted to commit acts of violence against law enforcement and/or migrants. On the first occasion, when confronted by law enforcement, the defendant's associates shot at law enforcement. On the second occasion, the defendant was coordinating with individuals all over the country who were planning to travel to the border and commit acts of violence. Significant mental health treatment and intervention is necessary, but the defendant has not even proposed that option. Instead, the defendant asks to go right back to where he was when this conduct occurred about two years ago. That is not a tenable option. Accordingly, the United States requests that the Court sentence the defendant to 42 months imprisonment, a within guidelines sentence, preferably at a location where he can undergo significant inpatient mental health treatment.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney

                By:    /s/ Joshua A. Kurtzman
                      JOSHUA A. KURTZMAN
                      Assistant U.S. Attorney
                      716 Church Street – Suite 3300
                      Nashville, Tennessee 37203
                      Phone: (615) 401-6617
                      Joshua.Kurtzman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on December 18, 2024.

                                          /s/ Joshua A. Kurtzman
                                          JOSHUA A. KURTZMAN

5

Case 2:24-cr-00002   Document 41   Filed 12/18/24   Page 5 of 5 PageID #: 250